# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES GAINER, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:17-CV-454 |
| | : | |
| v. | : | |
| | : | |
| MEGAN J. BRENNAN, | : | |
| POSTMASTER GENERAL, | : | CHIEF JUDGE SARGUS |
| UNITED STATES POSTAL SERVICE, | : | MAGISTRATE JUDGE VASCURA |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

To protect the confidentiality and security of business and personal information and in accordance with 5 U.S.C. § 522a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders as follows:

1. This Agreed Protective Order ("Order") governs all documents and information produced at any time during the pendency of this lawsuit, including any documents and information produced prior to the entry of this Order during the pendency of the lawsuit, by any party or nonparty, or anyone who is subject to a subpoena for oral examination or a subpoena *duces tecum*; all copies of or information contained in any such documents; responses to interrogatories, responses to requests for production of documents, and requests for admissions or other discovery; and all other information produced or provided in these lawsuits (collectively referred to as "confidential documents"). This Order does

not otherwise affect any objections to discovery made under the Federal Rules of Civil Procedure.

2. To comply with HIPAA and 45 C.F.R. § 164.512, this Order specifically covers all health information protected by HIPAA, including medical records, disclosed by both parties and nonparties. All such information shall be deemed confidential and may only be used for purposes of this litigation. At the end of these proceedings, all protected health information shall be destroyed.

3. This Order also specifically protects against the unauthorized disclosure of the contents of Official Personnel Files of current and former employees of the United States Postal Service, including but not limited to health care information, information covered by the Privacy Act, 5 U.S.C. § 552a, and taxpayer information protected by 26 U.S.C. § 6013.

4. This Order also specifically protects against the unauthorized disclosure of any files of the Department of Labor; such files, however, may only be produced subject to the execution of a separate Privacy Act waiver as required and approved by the Department of Labor.

The production of all of the confidential documents described above, and information contained in those documents, shall be subject to the following additional conditions:

5. The parties are entitled to assert other objections and privileges to those documents, and make appropriate redactions. All documents/information which an employee would reasonably consider to be confidential, including but not

limited to the documents outlined in Paragraphs 1 – 4, are produced under the agreement that the documents will be shown or disclosed only to those individuals described in Paragraph 6 of this Order and in accordance with Paragraphs 7 and 8 of this Order.

6. Access to the confidential documents, and information contained in the confidential documents, shall be limited to counsel for the parties, their agents, consultants and experts. Plaintiff shall have access to these documents for the limited purpose of this litigation. Documents produced pursuant to this Order may not be used in any other litigation or administrative proceeding.

7. The confidential documents, and information contained in the documents, shall be used only for purposes relating to this lawsuit. The responsibility to ensure confidentiality in court proceedings (including depositions) rests with the party seeking protection.

8. Any persons to whom the confidential documents, or information contained in the documents, are disclosed shall be given a copy of this Order and be advised of its terms.

9. If the confidential documents, or information contained in the documents, are disclosed in any filing with the Clerk of Court, the parties shall seek leave of the Court to file the documents or information under seal in accordance with Local Rule 5.2.1(a). Such leave shall only be granted upon a showing of good cause.

10. Deposition testimony referring to the confidential documents, or information contained in the documents, shall be kept confidential, and that testimony shall

not be provided to anyone other than the individuals identified in Paragraph 6 above.

11. The production of documents pursuant to this Order shall not constitute a waiver of any party's right to claim that the confidential documents or information contained in the documents are inadmissible at trial.

12. The entry of this Order and the production of confidential documents shall not constitute a waiver by the United States or Plaintiff of their right to oppose any additional discovery in connection with these lawsuits.

13. All confidential documents, including any duplication or copy, will be returned to counsel for the respective parties upon conclusion of this litigation, at the request of the producing party, with the exception that no pleading files, depositions, correspondence files, or other similar attorney work product and attorney-client privilege files and documents need be dismantled in order to return confidential information and documents at the conclusion of this case. Nothing in this Order shall require return or destruction of confidential information containing or reflected in attorney work product if such work product is maintained by counsel in strict confidence. In lieu of returning said confidential information, counsel certifies, through their signatures on this Order, that all reasonable precautions will be taken to ensure against disclosure of the confidential information after the termination of this action, including appeals.

14. Every attempt shall be made not to designate a document as confidential unless it is indeed confidential as set out in this Order. If either party disputes the other party's designation of a document as confidential, the burden of proof resides with the party asserting confidentiality to prove that it deserves such treatment. When documents cease to be secret and confidential there are no longer any requirements to preserve their confidentiality. No documents that are publicly available can be stamped as confidential, such as documents filed with government agencies but available under the Freedom of Information Act or similar laws, annual reports of public corporations, and other similar information.

15. Any allegations of abuse or violation of this Order shall be considered by the Court. If an allegation of abuse or violation of this Order is found, the Court may take action against the appropriate parties.

16. This Order is subject to modification by the Court upon application of either party.

**IT IS SO ORDERED**.

    */s/ Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE

Agreed to by:

(signatures on following page)

BENJAMIN C. GLASSMAN

United States Attorney

| | |
|---|---|
| s/Leah M. Wolfe 3/19/18) | s/Gary A. Reeve (per email authority |
| LEAH M. WOLFE (0093299) | GARY A. REEVE (0064872) |
| Assistant United States Attorney | Law Offices of Gary A. Reeve |
| 303 Marconi Boulevard, Suite 200 | 244 Southwood Avenue |
| Columbus, OH 43215 | Columbus, OH 43207 |
| Office: (614) 469-5715 | Office: (614) 808-1881 |
| Fax: (614) 469-5240 | Fax: (614) 334-5107 |
| E-mail: leah.wolfe@usdoj.gov | E-mail: greeve@reevelaw.net |